IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RICHARD DAVIS and BLIND AMBITIONS, individually and on behalf of all others similarly situated, | § § § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | CASE NO. 4:12cv382 |
| | § | Judge Clark/Judge Mazzant |
| AMERICAN NATIONAL BANK OF TEXAS, | § § | |
| | § | |
| *Defendant.* | § | |

## ORDER ADOPTING REPORT AND
## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge to whom this matter had been referred pursuant to 28 U.S.C. § 636 issued his first Report and Recommendation containing proposed findings and a recommendation that defendant's Motion to Dismiss [Doc. #10] be granted [Doc. #32]. Plaintiffs filed a motion to reconsider [Doc. #33], and later file objections. [Doc. #37] Defendant responded to both pleadings. [Doc. #34 & Doc. #38].

The Magistrate Judge reviewed its first report and recommendation issued an amended report and recommendation, recommending that Defendant's Motion to Dismiss should be denied in its entirety [Doc. #39]. The Magistrate Judge did not withdraw the first report. The parties then indulged in a veritable orgy of briefing. [Doc. # 41, #42, #45, & # 50].

In the first report, the Magistrate Judge concluded that plaintiffs' amended complaint alleged sufficient facts to establish standing with respect to the individual ATM visited by plaintiff Richard Davis. However, the Magistrate Judge concluded that because Plaintiff Davis had not

personally visited any of the other ATMs in defendant's network that are being challenged by plaintiffs, he had not sufficiently alleged an injury in fact with respect to those other ATMs, and therefore recommended that defendant's Motion to Dismiss be granted. After considering the briefing filed in response to the first report, the Magistrate Judge issued an amended report, which recommended that defendant's Motion to Dismiss be denied in its entirety. The amended report concluded that plaintiff Davis possessed standing with respect to the Subject ATM. The amended report also recognized that the question of whether plaintiffs can challenge the entirety of defendant's ATM network is determined by an application of Rule 23, not a constitutional standing analysis.

Defendant spends its first 9 pages of objections attacking the Magistrate Judge's issuance of an amended report. The court finds that these objections border on the frivolous. Defendant first objects that the amended report was not authorized by statute, the Federal Rules of Civil Procedure, or the local rules. Defendant takes the position that the first report must stand as the Magistrate Judge's final recommendation. This argument is misplaced

The Magistrate Judge's Report contains a recommendation, not the edict of a Babylonian king, whose edict, once written may never be changed. This court has referred this case for all pretrial purposes, and did not refer only this motion to dismiss to the Magistrate Judge. As part of his handling this case for all pretrial purposes the Magistrate Judge has the authority to manage this case, withdraw a report or issue an amended report. If the Magistrate Judge finds merit in an objection or in a motion to reconsider why should the matter be sent to the District court without correction. Defendant's objection that the Magistrate Judge erred by issuing an amended report is overruled.

Defendant also asserts that the objections of plaintiffs to the first report were not timely. The first report was issued on November 14, 2012, making the objections due on December 3, 2012. Plaintiffs filed a motion to reconsider on November 19, 2012. The Magistrate Judge and this court may treat theses as objections, despite the fact that plaintiffs, called the pleading a motion to reconsider. If the court treats the motion to reconsider as objections, there is no question that the objections were timely filed.

Alternatively, plaintiffs then filed objections on November 30, 2012, which were timely. Defendant asserts that these objections were not timely because the objections were not filed within fourteen days, or by defendant's calculated deadline of November 28, 2012. Defendant argues that plaintiffs are not allowed to add the three additional days permitted by Local Rule CV-6, because Local Rule CV-6 states that "this three-day extension applies only to responses due within a certain time after service of a preceding document." This argument lacks any merit. Federal Rule Civil Procedure 6(d) allows for the additional three days to be added. Local Rule CV-6 would also allow the additional three days to be added to the time for objections. Defendant's reading of the local rule is nonsensical. Defendant argues that the objections do not constitute a response to any matter as the term is used in Local Rule CV-6. Defendant reads the local rule too narrowly. The first report of the Magistrate Judge qualifies as the preceding document that would be served on the parties under this rule. The response, which is used in a generic sense and not in the literal sense of a "response to a motion," would be the objections. The objections to the first report were due on December 3, 2012. Thus, plaintiffs' objections to the first report of the Magistrate Judge were filed on November 30, 2012, and these objections were timely.

Defendant next objects to the Magistrate Judge's issuance of an amended report, asserting that this process conflicts with the Fifth Circuit's *en banc* decision in *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1421, 1429 (5th Cir. 1996). Defendant argues that the holding in this case is that the "failure to file timely objections to the Magistrate Judge's report and recommendation preserves only plain error." Defendant argues that "permitting the insertion of a motion to reconsider before the Magistrate Judge into the process for review of a case-dispositive motion would be contrary to the holding and rationale discussed" by the Fifth Circuit. Defendant asks the court to base its decision on the first report and conduct only a plain error review. Even if the objections were not timely filed, which they were in this case, defendant's reliance on this case is again without merit and has no basis in law or fact.

The Fifth Circuit determined as follows:

> Therefore, we overrule the appellate forfeiture rule applied by *Nettles* and its progeny, and hold that a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking **_on appeal_** the unobjected-to proposed factual findings and legal conclusions **_accepted_** by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.

*Douglass*, 79 F.3d at 1428-29 (emphasis added). Defendant's entire analysis omits any reference that the Fifth Circuit requires the district judge to accept the findings of the Magistrate Judge before there is an appeal to that court. In this case, the court never accepted the findings of the first report. Moreover, the court has discretion to accept, adopt, reject, or modify any report of a Magistrate Judge even in situations where no objections are filed. *Douglass*, 79 F.3d at 1429, n.17. In addition, *Douglass* addresses the appellate standard of review if a report is accepted and no objections are timely filed. The present case is not on appeal.

The court finds no error in the actions of the Magistrate Judge with respect to the procedures followed in this case. The Magistrate Judge determined that this was a close case and, upon reconsideration, rejected the first report and then issued an amended report. The court agrees with the Magistrate Judge's rejection of the first report and joins in that decision. The first report is hereby REJECTED. The only report remaining to be considered by this court is the amended report.

Having wasted the court's time addressing the frivolous procedural objections, the court turns to defendant's substantive objections. Defendant objects that the Magistrate Judge failed to conduct the proper level of review in addressing the motion with regard to the lack of subject matter jurisdiction. This argument, like the others, is misplaced. Defendant made a facial challenge to the court's subject matter jurisdiction and not a factual challenge. There was no evidence submitted by any party that challenged the standing of plaintiff Davis. Thus, with respect to plaintiff Davis, it is beyond dispute that defendant's challenge to jurisdiction is facial, not factual. With regard to plaintiff Blind Ambitions, the only evidence that was offered was information related to Blind Ambitions' tax status in the State of Texas and a copy of Blind Ambitions' website. Since defendant did not submit any evidence that calls Blind Ambitions' standing into question, defendant cannot argue that its challenge to jurisdiction is factual. The Magistrate Judge applied the proper standard to reviewing this issue.

Defendant next objects that the court lacks subject matter jurisdiction. Defendant fails to point out how the Magistrate Judge erred in the amended report and merely recites the same arguments considered in the original briefing. The first report and amended report found that plaintiff Davis has standing with respect to the Subject ATM. The amended report determined that the question of whether plaintiffs can challenge the entirety of defendant's ATM network should be

determined by an application of Rule 23, not a constitutional standing analysis. The court finds no error in this approach, especially considering the lack of clarity in the case law. The court finds that the Magistrate Judge properly considered the issue.

Having received the amended report of the United States Magistrate Judge, and considering the objections thereto filed by defendant [Doc. #41], as well as all other relevant pleadings, this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that defendant's Motion to Dismiss [Doc. #10] is **DENIED**.

So **ORDERED** and **SIGNED** this **22** day of **March, 2013.**

_____
Ron Clark, United States District Judge